UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBREN A. PIERCE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>R. LOPEZ, et al,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO.   1:10-cv-00486-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 13)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Sebren A. Pierce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original Complaint on March 18, 2010.  (ECF No. 1.)  He then moved to file an amended complaint, and the Court allowed it.  (ECF Nos. 9 & 11.)  Plaintiff's First Amended Complaint was filed June 4, 2010.  (ECF No. 12.)  No other parties have appeared in the action.  The Court has not yet screened Plaintiff's First Amended Complaint.

　　　　Pending before the Court is Plaintiff's Motion for Preliminary Injunction.  (ECF No. 13.)  Plaintiff claims that the head law librarian has twice refused him access to the law

library resources. Plaintiff seeks an order requiring that he be allowed two visits to the law library per day, that the head law librarian not have any more contact with him, that the librarian face fines and confinement if contact persists, and that certain listed materials be given to Plaintiff to pursue his legal matters.

The purpose of a preliminary injunction is to preserve the status quo where the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Here, a preliminary injunction would not serve to ensure that Plaintiff is able to litigate his action more effectively or efficiently---there are no looming deadlines in the action. Moreover, issuance of the order sought by Plaintiff in his motion would not remedy any of the claims alleged in this action.[1]

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction be DENIED.

---

[1] The Court has not yet screened Plaintiff's Complaint. However, a cursory review of it indicates that he complains of inadequate medical care. A court order granting Plaintiff law library access to litigate this action would not remedy the underlying claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   December 23, 2010            /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE