UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEBREN A. PIERCE, | ) | CASE NO. 1:10-cv-00486-AWI-MJS (PC) |
| Plaintiff, | ) | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | |
| LOPEZ, et al., | ) | (ECF No. 12) |
| Defendants. | ) | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On March 18, 2010, Plaintiff Sebren A. Pierce, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On June 4, 2010, Plaintiff voluntarily filed an amended complaint. (ECF No. 12); Fed. R. Civ. P. 15(a). Plaintiff's First Amended Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following Corcoran State Prison (Corcoran) officials as Defendants in this action: (1) Raul Lopez, Warden; (2) Dr. Edgar Clark, Chief Medical Officer; and (3) Dr. Julian Kim, attending physician.

Plaintiff alleges the following:

On January 13, 2010, yard medical staff prescribed and provided Plaintiff with an antibiotic for an ear ache. (Compl. at 3.) "The antibiotic was prescribed and given to Plaintiff without a verbal or written warning of the side effects, that should prompt Plaintiff to discontinue use and seek medical attention . . . ." (Id. at 3, 4.) On January 17, 2010, Plaintiff was sent to the emergency room with a 102.8 degree temperature and the

following symptoms: "headache, insomnia, depression, vertigo, fatigue, anxi[e]ty, fever, chills, drowsiness, nausea, and abdominal pain." (Id. at 4.) Plaintiff was admitted to the prison hospital and given a new antibiotic. The following day Plaintiff's side-effects continued, a rash developed throughout his body, and his temperature rose to 103.2 degrees. (Id.)

The First Amended Complaint then repeats the factual allegations above nearly verbatim. (Id. at 5.) However, there Plaintiff prefaces each of the two recitations of the above factual allegations with the following paragraph:

> Defendant Warden, Raul Lopez, by and through his agents/officers/employees have implemented systems/customs/policies/practices, at Corcoran State Prison, that violated Plaintiff's U.S. Constitutional rights, and were deliberately indifferent to his health care needs. Defendant Warden, Raul Lopez, was/is responsible for the training/practices/customs/polices [sic] of Corcoran State Prison. Warden Lopez failed to ensure that his agents/officers/employees, were/are trained properly to address and treat Plaintiff's health care needs . . . . (Id. at 3.)

In the second preface Defendant Lopez's name is substituted for Defendant Clark's. (Id. at 5.)

Plaintiff then adds further with regard to Defendant Kim:

Defendant Kim was the one who changed Plaintiff's antibiotic prescription without warning Plaintiff of possible side effects. "Dr. Kim also failed to recognize the aforementioned side effects . . . and discontinue use even after Plaintiff informed him of those side effects on numerous occasions." (Id. at 7.) Plaintiff ran a temperature above one hundred degrees for ten days. Defendant Kim is responsible for seven of those days. (Id.)

Plaintiff's temperature eventually went down when he stopped using the antibiotic

prescribed by Defendant Kim. (Id.) The foregoing "has caused Plaintiff to suffer from the following: (A) constant, reoccurring headaches; (B) loss of concentration; (C) loss of memory; (D) virtigo [sic]; (E) blurred vision; [and] (F) loss of vitality." (Id.)

Plaintiff concludes that the medical staff failed to recognize that the antibiotics were the cause of his symptoms and to discontinue their use. The medical staff was the responsibility of Defendants Lopez and Clark. (Id. at 4-6.)

## IV.    APPLICABLE LAW

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff alleges that the Defendants provided inadequate medical care in violation of his Eighth Amendment rights. "[T]o maintain an Eighth Amendment claim based on

4

prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

## V. ANALYSIS

### A. Serious Medical Need

Plaintiff alleges that he was admitted to the hospital at Corcoran with a 102.8 degree temperature and symptoms of headache, insomnia, depression, vertigo, fatigue, anxiety, fever, chills, drowsiness, nausea, and abdominal pain. (Compl. at 4.) Plaintiff developed a rash and high temperature which persisted for ten days. Medical staff, including Defendant Kim, found his condition worthy of treatment. This adequately alleges a serious medical need and thus satisfies the first element of his Eighth Amendment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by

6

substantial pain).

**B.     Deliberate Indifference**

1.     Warden Lopez & Chief Medical Officer Clark

However, Plaintiff's allegations do not satisfy the second element of his claim as to any Defendant.

The First Amended Complaint alleges nothing about the involvement, if any, of Warden Lopez and Chief Medical Officer Clark in the allegedly inadequate medical care. It simply alleges their roles as supervisors of the other Defendants.

Under § 1983, Plaintiff must demonstrate that each defendant **personally** participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.

Plaintiff has failed to adequately link Defendants Lopez and Clark to the alleged violation of his Eighth Amendment rights.  The Court will provide Plaintiff with an opportunity to amend.  To state a claim based on a theory of supervisory liability, Plaintiff must allege true facts, and not just his own personal belief or speculation, showing that the supervisory official personally participated in the alleged deprivation of constitutional rights

7

by, for example, having known of the violations and failed to act to prevent them or having promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 2. Attending Physician Kim

Plaintiff alleges that Defendant Kim prescribed the new antibiotic without warning Plaintiff of the potential side effects. (Compl. at 7.) Kim is also alleged to have failed to recognize that Plaintiff's persistent side effects were caused by the new antibiotic and to discontinue it. Plaintiff alleges that he told Kim of the "side effects on numerous occasions." (Id.) The fever allegedly broke when Plaintiff stopped using the antibiotic.

Plaintiff has not alleged deliberate indifference on the part of Defendant Kim. There are no facts indicating that Kim was actually aware that the antibiotic was causing Plaintiff's symptoms or that there was a danger in providing the medication. There are no facts to support a claim that Kim **knowingly** disregarded an excessive risk to Plaintiff's health. Farmer, 511 U.S. at 837. Further, the fact that he did not discover the cause and effect between the prescription and Plaintiff's sustained fever does not support a claim. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.")

The Court will provide Plaintiff an opportunity to amend. In order to state a cognizable claim, Plaintiff must allege truthful facts in support of the conclusion that Kim **knew of** and disregarded an excessive risk to Plaintiff's health. Again, it will not be enough

for Plaintiff to simply speculate that Kim knew or should have known or that Plaintiff believes Kim knew.

## V.  CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed June 4, 2010;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with this Court's Order.

IT IS SO ORDERED.

Dated:   March 29, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE