# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBREN A. PIERCE,<br><br>          Plaintiff,<br><br>     v.<br><br>LOPEZ, et al.,<br><br>          Defendants.<br>_____/ | CASE NO.   1:10-cv-00486-AWI-MJS (PC)<br><br>ORDER RECOMMENDING DISMISSAL WITH PREJUDICE<br><br>(ECF No. 18)<br><br>PLAINTIFF'S OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

## **SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On March 18, 2010, Plaintiff Sebren A. Pierce, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On June 4, 2010, Plaintiff voluntarily filed an amended complaint. (ECF No. 12.) Fed. R. Civ. P. 15(a). On March 29, 2012, Plaintiff's First Amended Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 17.) Plaintiff's Second Amended Complaint (ECF No. 18) is now before the Court for screening.

1

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. **SUMMARY OF SECOND AMENDED COMPLAINT**

The Second Amended Complaint identifies the following Corcoran State Prison (Corcoran) officials as Defendants in this action: (1) Raul Lopez, Warden; (2) Dr. Edgar Clark, Chief Medical Officer; and (3) Dr. Julian Kim.

Plaintiff alleges the following:

On January 13, 2010, yard medical staff prescribed Plaintiff the antibiotic Salfamethoxazole for an ear ache. (Compl. at 3, 4.) "The antibiotic was prescribed and

given to Plaintiff without a verbal or written warning of the side effects, that should prompt Plaintiff to discontinue use and seek medical attention . . . ." (Id. at 4.) On January 17, 2010, Plaintiff was sent to the emergency room with a 102.8 degree temperature and the following symptoms: "headache, insomnia, depression, vertigo, fatique [sic], anxi[e]ty, fever, chills, drowsiness, nausea, and abdominal pain." (Id.) Defendant Kim then prescribed a new antibiotic, Cipro, "without understanding the side effects of that particular antibiotic . . . ." (Id. at 5.)

On January 18, 2010, Plaintiff's condition worsened: his temperature rose to 103.2 degrees, a rash developed throughout his body, and his original symptoms persisted. (Id. at 4.) Plaintiff ran a temperature above one hundred degrees for ten days. (Id. at 5.) Kim failed to warn Plaintiff of Cipro's potential side effects and failed to recognize that Cipro was not alleviating Plaintiff's pain, but exacerbating it. Plaintiff repeatedly informed Kim of his symptoms. (Id. at 4.) Before his hospitalization, Plaintiff had observed Defendant Kim use a computer to retrieve information from the pharmacy regarding certain drugs and their respective side effects. "The information was readily and reasonably available for Defendant." (Id. at 6.)

Defendant Kim and the medical staff did not recognize the adverse impact of the antibiotics because the medication was packaged without warning labels. Warden Lopez and Chief Medical Officer Clark have instituted a policy or custom whereby medication delivered to the prison is taken out of the manufacturer's packaging and placed in prison packaging. As a result, manufacturer information regarding side effects is not provided with the medication in prison packaging. (Id. at 4, 5.)

As a result of the Defendant's conduct, "Plaintiff still suffers from the following: (A)

constant, severe reoccurring headaches; (B) loss of concentration; (C) loss of memory; (D) virtigo [sic]; (E) blurred vision; [and] (F) loss of vitality." (Id. at 6.)

## IV.   ANALYSIS

### A.   Section 1983 and Eighth Amendment Standards

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff alleges that the Defendants provided inadequate medical care in violation of his Eighth Amendment rights. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble,

4

429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

5

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

**B.     Serious Medical Need**

Plaintiff alleges that he was admitted to the hospital with a 102.8 degree temperature and the following symptoms: headache, insomnia, depression, vertigo, fatigue, anxiety, fever, chills, drowsiness, nausea, and abdominal pain. (Compl. at 4.)  Plaintiff developed a rash and high temperature which persisted for ten days. (Id. at 4, 5.)  Medical staff, including Defendant Kim, found his condition worthy of treatment.  This adequately alleges a serious medical need and thus satisfies the first element of Plaintiff's Eighth Amendment claim.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

///

///

///

## C. Deliberate Indifference

### 1. Warden Lopez & Chief Medical Officer Clark

Plaintiff alleges that Defendant Lopez and Clark are responsible for a policy or practice at the prison whereby medication is removed from its original packaging and placed in a prison package. The manufacturer's warnings are not moved with the medication. Because of this practice, Defendant Kim and other medical staff are unaware of potential side effects such as those Plaintiff suffered as a result.

Plaintiff has failed to plead facts sufficient to state a cognizable Eighth Amendment claim against either Defendant Lopez or Defendant Clark. The Second Amended Complaint asserts that Lopez and Clark were supervisors and therefore liable. As the Court instructed Plaintiff in its previous screening order, under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement - and the liability - of that supervisor. Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

The allegations in the Second Amended Complaint do not meet the deliberate indifference standard with respect to either Lopez or Clark.  Plaintiff does not allege that either Defendant created the policy or practice at issue in knowing disregard of a serious risk to Plaintiff's health.  Farmer, 511 U.S. at 837.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

There is no indication that either Defendant was aware of any particular risk associated with removal of warning information on medication. Plaintiff acknowledges that the prison had an alternative method of informing medical personnel of medication side effects: Defendant Kim used a computer to access side effect information.  Plaintiff characterized this alternative means as "readily and reasonably available . . . ." (Compl. at 6.)

The Court's previous screening order instructed Plaintiff on the applicable law and gave him an opportunity to amend. Plaintiff has again been unable to allege facts demonstrating that Defendants Lopez or Clark implemented a policy or practice in deliberate indifference to Plaintiff's serious medical need.  Indeed, as noted, the facts pled belie such a claim.  Given those facts and Plaintiff's failure to amend to meet applicable legal standards, no useful purpose would be served by granting leave to amend.  The

Court recommends Plaintiff's claims against Defendants Lopez and Clark be dismissed with prejudice.

### 2. Attending Physician Kim

Plaintiff alleges that Defendant Kim prescribed the new antibiotic without warning Plaintiff of the potential side effects. (Compl. at 5.) Kim is also alleged to have failed to recognize that Plaintiff's persistent side effects were caused by the new antibiotic and to discontinue it even though Plaintiff told Kim of the side effects "on numerous occasions." (Id.)

Plaintiff has not alleged deliberate indifference on the part of Defendant Kim. The Second Amended Complaint renews Plaintiff's allegations from his previous amended complaint that Kim failed to recognize the side effects of the antibiotic Cipro. This may well have constitute error, negligence, on his part. However, "[a] showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060. There are no factual allegations suggesting that Defendant Kim knowingly disregarded a risk to Plaintiff.

Plaintiff was specifically instructed that speculative allegations asserting that Defendant Kim knew or should have known of the risk would not be sufficient; he was told that he would have to allege facts that would support such a claim. He has not done so. The fact that he has not, despite being advised of precisely what is required, is grounds for concluding he can not. There is thus no need for further leave to amend. The Court recommends that Plaintiff's claim against Defendant Kim be dismissed with prejudice.

## V. CONCLUSION AND RECOMMENDATION

Plaintiff's Second Amended Complaint does not state a cognizable claim against

the named Defendants.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    April 23, 2012                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE